COMMONWEALTH *vs.* JOHN F. KEATING & others.

Suffolk. November 27. — 28, 1882. LORD & DEVENS, JJ., absent.

At the trial of an indictment against A. and B. jointly, for an assault upon a police officer while in the discharge of his duty, another officer testified that, on the morning after the assault, he went to B.'s house, and B. related to him where he had been the night before, and stated that he was with A. and another man; that, when they were on a certain street, A. was making a noise; that an officer came up to them and asked them to stop their noise; that A. made an offensive remark to the officer, who was about to arrest him, whereupon B. asked the officer to make some allowance for A. as he was intoxicated, and said that he would take A. home; that the officer then let them pass on, and they walked down the street; that, when they had gone a short distance, A. turned and struck the officer; and that, when he saw this, B. left. The conversation testified to took place in the absence of A. The judge admitted it as affecting B.'s connection with the assault only, and so ruled; but gave no specific direction to the jury in relation to the evidence. *Held,* that the evidence was competent against B.; and that A., not having requested an instruction limiting its effect, had no ground of exception to the admission of the evidence.

INDICTMENT against John F. Keating, Joseph H. Essam and John McCarty, for an assault on Lawrence Cain, a police officer, while in the lawful discharge of his duty, on March 26, 1882, at Boston.

At the trial in the Superior Court, before *Brigham*, C. J., Joseph E. Palmer testified that he was a police officer; that in the morning of March 26, 1882, he went with other officers to the defendant Essam's house, on Bunker Hill Street; that they saw Essam's sister, who informed them that Essam had been out late the night before, that he was up-stairs, and she would call him down; that Essam came down-stairs, related to the witness where he had been the night before, and also stated that he was with the defendant Keating and a man they called Jack; that when they were on Chelsea Street, near Gray Street, Keating was making a noise; that an officer came up to them and asked them to stop their noise; that Keating made an offensive remark to the officer; that the officer was about to arrest Keating, whereupon Essam requested him to make some allowance for the man, as he was intoxicated, and said that he, Essam, would take Keating home; that the officer then let them pass on, and they walked down Gray Street, and, when down the street a little way, Keating turned and struck the officer; and that Essam, when he saw this, thought it was about time to leave.

This conversation took place between Palmer and Essam in the absence of Keating. So much of this testimony as related to Keating was objected to by him; but the judge admitted it, as affecting Essam's connection with the assault only, and so ruled; but, in charging the jury, no specific direction was given on this evidence.

The jury returned a verdict of guilty against Keating and Essam; and Keating alleged exceptions.

*J. F. Dore*, for Keating.

*G. Marston*, Attorney General, & *C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The only exception saved was to the admission of the conversation of the defendant Essam with officer Palmer. This evidence was clearly competent against Essam. It was admitted solely for the purpose of showing Essam's connection with the assault charged, and the judge so ruled. If the

defendant Keating wished the judge in his charge again to call the attention of the jury to the purpose of the evidence, he should have called the attention of the judge to it by requesting an instruction.                                    *Exceptions overruled.*